KAREN L. LOEFFLER
United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: daniel.cooper@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| FAI PO JEWELLERY (H.K.) CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Unless the parties jointly inform the Court in writing of any additional Agreements, this document in its entirety contains the terms of the Plea Agreement between the defendant and the United States. This Agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities except as set out in this document.**

//

//

# I.     TERMS OF THE AGREEMENT

## A.     Terms of Agreement

The defendant, FAI PO JEWELLERY (H.K.) CO., LTD. (FAI PO), agrees to plead guilty to the one-count information, charging it with intentionally submitting false invoices to the United States in connection with the importation of merchandise, in violation of 18 U.S.C. § 545, filed contemporaneously with this Agreement.  The parties agree pursuant to the Federal Rules of Criminal Procedure Rule 11(c)(1)(B) to recommend a specific sentence as set forth in Section III. Under the terms of this agreement, FAI PO will waive all rights to appeal the conviction and sentence imposed under this Agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.  If the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant and its affiliates and agents on all charges arising out of the investigation of this case.

//

//

**B.    Federal Rule of Criminal Procedure 11**

Under the terms of this Agreement FAI PO will waive indictment and presentment to the Grand Jury and plead guilty to a one-count felony information charging FAI PO with a violation of 18 U.S.C. § 545. The parties expressly agree that this Plea Agreement is entered into pursuant to the Federal Rules of Criminal Procedure Rule 11(c)(1)(A) and (B) as discussed below. The defendant understands that the Court is not bound by the parties' sentencing recommendations and under the terms of this Agreement, the parties may only withdraw from this Agreement if the Court rejects the Plea Agreement.

The defendant, by entering into this Plea Agreement, waives any right to have the facts that the law makes essential to the determination of punishment in this case either charged in the indictment, presented to a jury, or proven beyond a reasonable doubt. The defendant agrees to freely and openly acknowledge responsibility for its acts and omissions, and the acts and omissions of its employees and agents, that constitute the agreed upon factual basis for its guilty plea as outlined in this Agreement.

//

//

//

## C.    Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for an award of attorney fees and costs from the other party unless set forth herein.

## D.    Breach

The parties agree that if the Court finds that FAI PO has materially breached this Agreement following notice and an opportunity to cure the breach, or if FAI PO's guilty plea is rejected, withdrawn, set aside, vacated or reversed, at any time, the United States will be free to prosecute FAI PO on all charges arising from the conduct leading to this Agreement, including any charges that might have been brought but for this Agreement.  FAI PO also waives any statute of limitations defense so that the United States could bring any charges it had available at the date of the entry of this Agreement.

## E.    Full Description of Conduct

This Agreement does not limit the rights of any party to provide the Court with a full description of the defendant's conduct, correct inaccuracies at any time, or speak at the time of sentencing consistent with the recommended provisions set forth in the Agreement.

//

**F.     FAI PO Organization**

The Defendant agrees and understands that this Agreement is intended to bind FAI PO, and that if the defendant changes names, reorganizes, merges, or otherwise ceases operations in its current form, the person or entity acquiring the assets or taking over the operation of defendant's company shall take over the obligations of this Agreement. The Defendant further agrees to provide the United States Attorney's Office for the District of Alaska and the United States Probation Office for the District of Alaska with immediate notice of any name change, business reorganization, change of control, or similar action that significantly impacts the operation of its business.

No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter the defendant's responsibilities under this Agreement. The defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.  This Agreement, together with all of the obligations and terms hereof, shall inure to the benefit and shall bind assignees, subsidiaries, successors-in-interest, or transferees of the defendant.

//

## II. CHARGES, ELEMENTS, FACTUAL BASIS AND STATUTORY PENALTIES

### A. Charges

FAI PO agrees to plead guilty to a one-count information charging FAI PO with a violation of 18 U.S.C. § 545, for presenting or causing to be presented false declarations of value of goods being imported to the United States.

### B. Elements

The elements of the felony charge to which FAI PO is pleading guilty are as follows:

(1) The defendant knowingly presented or caused to be presented false declarations of the value of goods being imported through a customhouse of the United States;

(2) The defendant knew that the declarations of value were false or fraudulent;

(3) The defendant acted willfully with intent to defraud the United States; and

(4) The declarations had a natural tendency to influence, or were capable of influencing, action by the United States.

//

//

Case 3:12-cr-00068-SLG   Document 2   Filed 08/08/12   Page 6 of 22

## C.    Factual Basis

Fai Po Jewellery (HK) Co., LTD (FAI PO and also referred to herein as "Fai Po (HK)) is a corporate entity in Hong Kong owned and controlled by entities in turn owned and controlled by CHAN Wing Fai, a.k.a. "Jackie Chan," LAM Wai Ling, CHEN Sheng, CHEN Yi and CHEN Rongzhi.  FAI PO owned or controlled Fai Po Jewellery Co. Inc., a corporation organized under the laws of New York and located in New York.  These two companies, as well as a number of others, are all controlled by Jackie Chan, and comprise the "Fai Po Group."

ValueVision Media, Inc. d.b.a. ShopNBC is a Minnesota corporation that sells merchandise on cable and broadcast televison.  ShopNBC entered into a Vendor Merchandise Agreement with Fai Po (HK) on March 31, 2006 and with Fai Po Jewellery, Inc., on April 13, 2006.  Fai Po Group agreed to provide jewelry subject to terms and conditions of purchase orders issued by ShopNBC.  The agreement(s) provided that all duties were the responsibility of "Fai Po Group."

Purchase orders were issued by ShopNBC and fulfilled by Fai Po from May 2006 to October 2009.  The total of all purchases was approximately $42 million.

On March 16, 2007, a person using the email account of "Carol"[1] at Fai Po (HK) emailed two employees at ShopNBC.  In the email, "Carol" wrote:

---

[1] "Carol" has been identified as Tak Ying Chak, an employee of Fai Po.

Case 3:12-cr-00068-SLG   Document 2   Filed 08/08/12   Page 7 of 22

Just give you ahead the info, see attached. All those mentioned POs will be shipped out directly from HK to your company on/before March 21 latest, hopefully you can receive everything well on time.

As per listed, I am showing you the actual invoice amount of each order as well as the under valued amount shown in the shipping document for your kind reference. As I said, we will pay for all import tax/duty.

In this case, instead of putting the true value invoice inside the parcels, as I am afraid of any customs clearance problem if by chance they open the boxes, so I am suggesting to send you the correct invoice by e-mail and air-mail respectively. Packing list will keep the same along with the shipment. Is it OK for you?

Thereafter, employees at Fai Po (HK) prepared two invoices for each shipment: One went with the shipment of goods that was transmitted and declared with U.S. customs. Fai Po paid duty only on the amount of this false invoice. The second invoice, containing the true higher value, was submitted to ShopNBC for payment. ShopNBC paid on the true higher invoice. By implementing this scheme, Fai Po Group intentionally understated the value of goods being imported and as a result knowingly failed to pay $1,017,737 in customs duties to the United States that it owed based upon the true value of the merchandise imported.

### D. Statutory Penalties

The maximum statutory penalties applicable to the charge to which the organizational defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

- $500,000 or two times the pecuniary loss caused by the offense pursuant to the Alternative Fines Act, 18 U.S. C. § 3571(d);

- five years probation;

- criminal restitution;

- a $400 mandatory special assessment pursuant to 18 U.S.C. § 3013.

## III.    SENTENCING AGREEMENT AND RECOMMENDATION

### A.    Sentencing Guidelines

The parties agree that the version of the advisory United States Sentencing Guidelines (U.S.S.G.) incorporating guidelines amendments through November 1, 2011, shall cover these offenses to the limited extent that the guidelines apply in this context.

### B.    Sentencing Agreement

#### 1.    What the United States agrees to do.

The United States agrees to recommend that the defendant be sentenced to a term of three years probation, subject to the special terms and conditions set forth in paragraph III. C. below and a fine of $800,000.00. The United States further agrees that the maximum loss incurred by the United States by reason of the avoidance of customs duties by FAI PO is $1,017,737.00. The United States has

also incurred $144,324.34 in investigative costs. The United States further agrees, pursuant to Rule 11(c)(1)(A), that upon acceptance of the plea of guilty by FAI PO and acceptance of this Plea Agreement in its entirety by the court, the United States will not charge the defendant or its employees with any other crimes for the conduct set forth in the factual basis described in paragraph II. C. of this Agreement based upon the information now known to the United States.

### 2. What FAI PO agrees to do.

FAI PO agrees to waive presentment to the grand jury and indictment, and agrees to plead guilty to the Information filed contemporaneously herewith charging one count of violation of 18 U.S.C. § 545. FAI PO agrees to recommend that it be sentenced to a three year term of probation, subject to the special conditions set forth in paragraph III. C. below, and pay a criminal fine of $800,000.00. FAI PO further agrees to pay the costs of investigation in the amount of $144,324.34, and pay criminal restitution in this matter of $1,017,737.00. FAI PO has paid a portion of this restitution amount in the course of this investigation and agrees to pay the balance at the time of imposition of sentence. FAI PO also agrees to pay the special assessment in the amount of $400 on the date the sentence is imposed.

//

### 3. No Effect on Civil Claims/Taxation

Nothing contained in this Agreement limits the rights and authority of the United States to take civil or administrative action against FAI PO; any of its parent, subsidiary, or related entities; or officials of FAI PO or such entities (hereinafter collectively "FAI PO"). FAI PO expressly acknowledges and agrees that the payments, fines, and criminal restitution provided for in Section III.B.1-3 do not in any way limit, compromise, offset, prohibit, bar, reduce, or otherwise adversely affect any of the United States' potential civil or administrative claims or remedies against FAI PO, including but not limited to statutory or common law claims for penalties, assessments, liabilities, losses, compensatory or punitive damages, injunctive relief and/or attorneys' fees or costs. Further, FAI PO expressly agrees not to assert or otherwise rely on payment of fines, or criminal restitution paid pursuant to Section III.B.1-3 as a defense to, or a mitigating factor of, the State of Alaska's or the United States' civil or administrative claims and/or damages.

By entering into this Agreement, FAI PO expressly acknowledges and agrees that criminal restitution paid under this Agreement and any monies paid

//

//

Case 3:12-cr-00068-SLG   Document 2   Filed 08/08/12   Page 11 of 22

pursuant to this Agreement shall not be taken as a deduction or credit against, or otherwise reduce the amount of taxes, royalties, or any other payments to the United States.

In addition, since all the payments agreed to herein are part of the resolution of a criminal investigation, the Defendant will not characterize, publicize or refer to these payments as voluntary donations or contributions.

## 4.    Method of Payment

No later than two business days prior to sentencing, as scheduled by the Court, FAI PO shall notify the U.S. Attorney's Office that FAI PO's counsel is in possession of sufficient client funds, held in an account to pay FAI PO's criminal penalties and special assessment. The total criminal penalty will be paid as set out below:

(1)    The $800,000.00 fine to be paid on the day of the imposition of sentence to the Clerk of Court;

(2)    The $400 special assessment to be paid in full upon imposition of sentence;

(3)    Any unpaid criminal restitution will be paid to the Clerk of the Court upon imposition of sentence; and

//

(4)     The $144,324.34 as the costs of investigation to be paid on the day of imposition of sentence.

## 5.     Criminal Restitution

FAI PO will pay criminal restitution to the United States in the total amount of $1,017,737.00.  FAI PO has paid a portion of this restitution during the course of the investigation.

## C.     Conditions of Probation

The parties agree and recommend to the court that FAI PO should serve a three year period of probation.  FAI PO will also appoint a Responsible Corporate Officer (RCO) to ensure compliance with the special conditions of probation described herein who will have requisite knowledge of FAI PO's obligations under this Agreement and the authority to ensure that the obligations are fully implemented, and who will be directly responsible for overseeing these obligations.  The U.S. Attorney's Office must approve the selection of the RCO. FAI PO will identify the RCO to the Court at the time of sentencing.  The RCO will review and sign all submissions to the Court, to the U.S. Probation office and to the U.S. Attorney's Office relevant to the obligations.

FAI PO agrees that on a quarterly basis, it will provide Mrs. Helene Mikes, Supervisory Import Specialist, Customs and Border Protection, Area Port of

Anchorage 605 W. 4th Ave., Ste. 230 Anchorage, AK 99501, or other appropriate

governmental office or agency identified by the United States, a listing of all

amounts invoiced to customers for goods entering the United States sufficiently

identified as to date and customs documents to allow Customs and Border

Protection to compare the amount invoiced to customers with the customs

documents. The quarterly reports must be certified as true and accurate by the

RCO and CHAN Wing Fai, subject to the penalties of 18 U.S.C. § 1001.

### D.     Corporate Authorization

FAI PO will provide to the U.S. Attorney's Office and to the Court written

evidence in the form of a resolution of its Board of Directors certifying that the

defendant is authorized to plead guilty to the information in this case, and to enter

into and comply with all provisions of this Agreement. The resolution shall

further certify that an identified individual is authorized to take these actions and

that all corporate formalities, including but not limited to, approval by defendant's

directors, required for such authorization have been observed. The defendant

agrees that Vincent J. Connelly, Mayer Brown LLP, 71 South Wacker Drive,

Chicago, Illinois 60606-4637 (telephone 312-701-7912,

email:vconnelly@mayerbrown.com), will be authorized to appear on its behalf, to

enter its guilty plea and to represent it for imposition of its sentence.

## IV.  WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A.  Trial Rights

Being aware of the following, FAI PO waives these trial rights:

-- The right to a speedy and public trial by jury;

-- The right to object to the composition of the trial jury;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

-- The right to be represented by counsel at trial and if necessary to have counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

-- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear on the defendant's behalf.

//

### B.    Appellate Rights

The defendant waives the right to appeal the conviction resulting from the entry of the guilty plea to the charge set forth in this Agreement. The defendant further agrees that if the Court imposes the sentence as contemplated in this Agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes.

### C.    Collateral Attack Rights

The defendant waives all rights to collaterally attack the resulting conviction and/or sentence—including terms or conditions of probation, and any fines or criminal restitution—the Court imposes. The only exceptions to this collateral attack waiver are as follows:  1) any challenge to the conviction or sentence alleging ineffective assistance of counsel, based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

## V.    DEFENDANT'S ACCEPTANCE AND UNDERSTANDING OF THE TERMS OF THIS PLEA AGREEMENT

On behalf of FAI PO, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will

//

be put under oath at the entry of plea hearing to tell the truth, I do hereby state FAI PO's Agreement to and understanding of this Agreement as follows:

**A.** FAI PO wishes to enter a plea of guilty to Count 1 of the Information filed in this case in which FAI PO is charged with a violation of 18 U.S.C. § 545.

**B.** FAI PO's attorney has explained the charges to which FAI PO is pleading guilty and the necessary elements, and the consequences of the guilty plea.

**C.** FAI PO is admitting that the allegations against FAI PO in Count 1 of the information and the factual basis for FAI PO's plea are true.

**D.** FAI PO understands that by pleading guilty FAI PO gives up and waives the following rights:

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issue of guilt;

-- The right to object to the composition of the petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until FAI PO's guilt is established beyond a reasonable doubt;

Case 3:12-cr-00068-SLG   Document 2   Filed 08/08/12   Page 17 of 22

--      The right to be represented by a lawyer at trial and if necessary
        to have a lawyer appointed to represent FAI PO at trial.  FAI
        PO understands it is not waiving the right to have counsel
        represent FAI PO during the sentencing phase of the case;

--      The right to confront and cross examine witnesses against FAI
        PO, and the right to subpoena witnesses to appear on FAI PO's
        behalf.

**E.**      FAI PO is fully aware that if FAI PO were convicted after a trial and

sentence were imposed on FAI PO thereafter, FAI PO would have the right to

appeal any aspect of the conviction and sentence.  Knowing this, FAI PO

voluntarily waives the right to appeal its conviction and sentence, as described

above.  Furthermore, FAI PO also knowingly and voluntarily agrees to waive the

right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this

case, if the Court imposes a sentence within the parameters of this Agreement.

Furthermore, FAI PO knowingly and voluntarily waives the right to

collaterally attack any aspect of the conviction, judgment or sentence, except for a

challenge based upon ineffective assistance of counsel, based on information not

now known by FAI PO and which, in the exercise of due diligence, could not be

known by FAI PO by the time the Court imposes the sentence, which information

affected either the guilty plea or the sentence imposed by the Court. FAI PO is fully satisfied with the representation given by its attorneys.

FAI PO has discussed all possible defenses to the charge with its attorney. FAI PO's attorneys have investigated the case and followed up on any information and issues FAI PO has raised to FAI PO's satisfaction. FAI PO's attorneys have taken the time to fully explain the legal and factual issues involved in FAI PO's case to FAI PO's satisfaction. FAI PO and its attorneys have discussed how the United States Sentencing Commission Guidelines have a limited application in this case, as well as the statutes applicable to FAI PO's offense and any other factors that will affect the sentence calculation in this case.

F.      FAI PO further understands that if FAI PO pleads guilty, there will not be a trial and that the Court will ask me under an oath to answer questions about this offense on behalf of FAI PO. I understand that I may be prosecuted if I make false statements or give false answers.

G.      FAI PO understands that the Court has the ultimate discretion to either accept or reject this Agreement. FAI PO understands that it will only be allowed to withdraw from this Agreement if the Court rejects the Agreement.

//

//

**H.**     FAI PO understands that anything that it discusses with its attorneys is privileged and confidential, and cannot be revealed without FAI PO's permission. Knowing this, FAI PO agrees that this document will be filed with the Court.

**I.**     This document contains all of the Agreements made between FAI PO and the United States regarding FAI PO's plea. There are no other promises, assurances, or Agreements between FAI PO, FAI PO's attorneys, and the United States that have affected FAI PO's decision to change its plea or to enter into this Agreement. If there were, I would so inform the Court. FAI PO understands that if the Court finds that FAI PO has materially breached this Agreement after notice and opportunity to respond to the breach, the United States will be free to prosecute FAI PO on all charges arising out of the investigation of this case and any charges not brought as a result of this Agreement.

**J.**     I have read this Plea Agreement carefully and understand it thoroughly.   I know of no reason why the Court should find me incompetent to enter into this Agreement or to enter a plea on behalf of FAI PO.   FAI PO enters into this Agreement knowingly and voluntarily.  I therefore wish to enter a plea of guilty on behalf of FAI PO to the information filed in this case in which FAI PO is charged with a violation of 18 U.S.C. § 545.

DATED: _July 31, 2012_      _[signature]_

**VINCENT J. CONNELLY**
On behalf of the defendant FAI PO

     As counsel for the defendant, we have discussed with FAI PO the terms of this Plea Agreement, have fully explained the charges to which FAI PO is pleading guilty and the necessary elements, all possible defenses, and the consequences of this plea. Based on these discussions, we have no reason to doubt that the defendant is knowingly and voluntarily entering into this Agreement and entering a plea of guilty.

DATED: _July 31, 2012_      _[signature]_

Vincent J. Connelly
Attorney for FAI PO
Mayer Brown LLP

DATED: _____      _____

Sydney H. Mintzer
Attorney for FAI PO
Mayer Brown LLP

     On behalf of the United States, the following accept FAI PO's offer to plead guilty under the terms of this Plea Agreement.

DATED: _8/8/2012_      _[signature]_

Daniel R. Cooper, Jr.
Assistant U.S. Attorney
District of Alaska

DATED: _8/8/2012_      _[signature]_

KAREN L. LOEFFLER
United States Attorney
District of Alaska

Page 21 of 21

# UNANIMOUS WRITTEN CONSENT OF THE
## DIRECTORS OF FAI PO JEWELLERY (H.K.) CO., LTD.

The undersigned, being all of the Directors of Fai Po Jewellery (H.K.) Co., Ltd., (the "Corporation") hereby adopt the following resolutions by unanimous written consent, which shall have the same force and effect as if unanimously adopted at a duly-convened meeting of the Directors of the Corporation, and direct that a copy of this unanimous written consent shall be filed with the minutes of the Corporation:

RESOLVED that after review of the Plea Agreement between Fai Po Jewellery (H.K.) Co., Ltd., and the United States of America, and appended as Exhibit 1, the execution, delivery and performance of the Plea Agreement, is hereby approved.

RESOLVED that the Corporation agrees to plead to a one count Information, appended as Exhibit 2, charging a violation of 18 U.S.C. §545.

RESOLVED that Mr. Vincent Connelly of Mayer Brown LLP is authorized to execute and deliver, in the name and on behalf of the Corporation, the Waiver of Indictment Form, the Plea Agreement and all other documentation necessary to enter a plea to the one count Information.

RESOLVED that Mr. Vincent Connelly may represent the Corporation at any hearing in order to waive any and all rights of the Corporation referred to under sections III and IV of the Plea Agreement and to plead guilty in accordance with the provisions of the Plea Agreement in the name and on behalf of the Corporation.

RESOLVED that Mr. Vincent Connelly is authorized to represent the Corporation at its Sentencing.

RESOLVED that Mr. Vincent Connelly is hereby authorized and empowered to take any and all actions required or appropriate in order to carry out the intent and purpose of the preceding resolutions.

This Unanimous Written Consent of the Directors of Fai Po Jewellery (H.K.) Co., Ltd., has been executed as of this 23 day of July 2012.

_____
CHAN Wing Fai, authorized representative of Pearl Dynasty Ltd.
*Director of Fai Po Jewellery (H.K.) Co., Ltd.*

_____
CHAN Wing Fai, authorized representative of Joyce Field International Ltd.
*Director of Fai Po Jewellery (H.K.) Co., Ltd.*